## WALLEN *v.* WILLIAMS.

1812.

March   13.

*Present.....All the Judges.*

This Court
will not quash
an execution
issued by the
Court below to
enforce its de-
cree pending
the writ of er-
ror, if the writ
of error be not
a supersedeas
to the decree.

ERROR to the Circuit Court of the district of Ten-nessee, to reverse a decree in Chancery. The Court below had issued a writ of *habere facias possessionem* to enforce its decree   The writ of error was too late to be a *supersedeas* to the decree.

JONES, *for the Plaintiff in error,* now moved to quash the writ of *habere facias* as irregular, and contended that the Court below, sitting as a Court of Chancery, under the laws of Tennessee, could only enforce by ex-ecution decrees *for the payment of money,* and cited *Ten-nessee Laws,* Ed. 1807, p. 158. § 2.

P. B. KEY, *contra.* This Court has no jurisdiction to quash an execution issued from the Court below, *and executed.* But if this Court had the power to do it, it would not in its discretion quash a process which has merely carried into effect the decree of the Court be-low. If the *decree* be reversed upon the merits, the ex-

ecution will be of no avail ; but the Court will not anticipate the merits upon such a motion.

MARSHALL, *Ch. J.* The writ of error is to the original decree, which did not award this writ of *habere facias*. It was awarded by a subsequent order of the Court, to which no writ of error issued.

TODD, J.   The attachment to compel a performance of the decree was unavailing ; and upon the return of it, the *habere facias* was issued in conformity with the practice in that state, as admitted by the counsel on both sides in the Court below. It was ordered as a matter of course, and no objection was made. If this motion should prevail, it will make the writ of error operate as a *supersedeas*, contrary to the intention of the act of Congress.

*Motion overruled.*